# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### BRUNSWICK DIVISION

PHILLIP MORAN, JR.,                           :
                                              :
           Petitioner,                        :
                                              :
    vs.                                       :        CIVIL ACTION NO.: CV209-003
                                              :
J. DARRELL HART, Warden,                      :
                                              :
           Respondent.                        :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Phillip Moran, Jr., ("Moran") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction obtained in McIntosh County Superior Court. Moran was found guilty after a jury trial of making terroristic threats, aggravated assault, and battery on March 12, 2007. Moran filed an appeal with the Georgia Court of Appeals, which affirmed the trial court's judgment. The Georgia Court of Appeals denied Moran's motion for reconsideration. Moran filed an application for certiorari with the Georgia Supreme Court and asserted that the trial court abused its discretion by not granting his motion for a new trial and erred in concluding that there was insufficient evidence to support his lack of knowledge of the alleged victim and a juror being related.

In his petition, Moran asserts that he was denied his federal and state constitutional rights when the trial court did not grant his motion for a new trial after he established that the alleged victim and one of the jurors are related. Moran also asserts

AO 72A
(Rev. 8/82)

that the trial court erred in concluding that there was insufficient evidence presented at his motion for a new trial to support his ignorance of the relationship prior to the trial. (Doc. No. 1, p. 7).

## DISCUSSION AND CITATION TO AUTHORITY

Pursuant to Rule 4 of the Rules governing petitions brought under 28 U.S.C. § 2254:

> The clerk must promptly forward the petition to a judge . . ., and the judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Before bringing a § 2254 habeas petition in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. §§ 2254(b) and (c). "The exhaustion requirement is grounded in principles of comity and reflects a desire to protect the state courts' role in addressing alleged violations of state prisoners' federal rights." Mauk v. Lanier, 484 F.3d 1352, 1357 (11th Cir. 2007). "Although the exhaustion requirement is not jurisdictional, there is a "'strong presumption in favor of requiring the prisoner to pursue his available state remedies.'" Id. (quoting Castille v. Peoples, 489 U.S. 346, 349 (1989)). The Eleventh Circuit has explained, "[a] state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). While "a verbatim restatement of the claims brought in state court" is not required, "a petitioner [must have] presented his claims to the state court such that a reasonable reader would understand each claim's particular

legal basis and specific factual foundation." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (internal citation and punctuation omitted).

O.C.G.A. § 9-14-41 "provides the exclusive procedure for seeking a writ of habeas corpus for persons whose liberty is being restrained by virtue of a sentence imposed against them by a state court of record." "Any person imprisoned by virtue of a sentence imposed by a state court of record who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of this state may institute a proceeding under this article." O.C.G.A. § 9-14-42(a). A petitioner who is unsuccessful in obtaining relief in the superior court can file an appeal with the Georgia Supreme Court within 30 days of the order denying his requested relief. O.C.G.A. §§ 9-14-52(a) and (b).

Moran did not file an application for state writ of habeas corpus relief before filing this petition. O.C.G.A. § 9-14-43 (directing a petitioner to file his petition in the superior court of the county in which he is detained). Thus, Moran did not exhaust his available remedies in the courts of Georgia, and this Court is without jurisdiction to entertain his petition.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Moran's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**, without prejudice, due to his failure to exhaust his state remedies.

**SO REPORTED** and **RECOMMENDED**, this _29th_ day of September, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE